IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBIN SMITH,                        )
                                    )
    Plaintiff and                   )
    Counterclaim Defendant,         )
                                    )
    v.                              )    1:11CV1139
                                    )
BANK OF THE CAROLINAS,              )
                                    )
    Defendant and                   )
    Counterclaim Plaintiff.         )

**ORDER**

This matter is before this court for review of the Recommendation ("Recommendation") filed on October 11, 2012, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 64.) In the Recommendation, the Magistrate Judge recommends that Defendant Bank of the Carolinas' Motions [sic] to Dismiss (Doc. 11) be granted in part in that the court should dismiss Plaintiff's claim for breach of contract and should strike references in the Amended Complaint to "retaliation" and "harassment" but otherwise should allow Plaintiff to pursue her "Title VII Claim for Sex Discrimination," as well as her claims for "Wrongful Discharge and Treatment in Violation of North Carolina Public Policy Against Discrimination" and "Violation of

Equal Pay Act 29 USC 206(d)(1);" that Defendant Bank of the Carolinas' Motion to Dismiss Plaintiff's Title VII Claim (Doc. 15) and Motion to Dismiss Plaintiff's Wrongful Discharge Claim (Doc. 41) be denied; and that Defendant Bank of the Carolinas' Motion for Judgment on the Pleadings (Doc. 28) be denied as moot and/or unripe.  The Recommendation was served on the parties to this action on October 11, 2012.  Plaintiff's counsel filed objections (Doc. 68) to the Recommendation, and Defendant's counsel filed a Response (Doc. 75) to Plaintiff's objections.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate

Judge's Recommendation.[1]  This court therefore adopts the

Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's

Recommendation (Doc. 64) is **ADOPTED.  IT IS FURTHER ORDERED** that

---

[1] As to Plaintiff's breach of contract claim, this court's review indicates that the contract at issue should be treated as entire.  Plaintiff sued to enforce the contract in small claims court, where she did not raise any argument that the provisions were susceptible to division.  Because Plaintiff's current breach of contract claim had accrued at that time, it should have been brought as part of that action and is now barred by res judicata.

Even if the instant contract is susceptible to division of the non-compete provision from the employment agreement, Plaintiff's current claim is nevertheless barred by res judicata.  On that issue, the Magistrate Judge's Recommendation relies on Phoenix Canada Oil Co. v. Texaco Inc., 749 F. Supp. 525, 535 (S.D.N.Y. 1990), for the proposition that a second cause of action for breach of the same contract is precluded under the doctrine of res judicata because the contract is one factual transaction.  (Doc. 64 at 14.)  This court notes that analysis under Plaintiff's cited North Carolina case, Bockweg v. Anderson, 333 N.C. 486, 428 S.E.2d 157 (1993), leads to the same result.

While the Bockweg court declined to specifically adopt a transactional approach, it did so arguendo and found that additional factors counseled against application of res judicata.  Id. at 495-96, 428 S.E.2d at 163-64(describing the parties' intentions to treat the two negligence allegations separately, Defendants' "tacit consent to claim-splitting," and Defendants' simultaneous defense against both claims in separate negligence actions).  No such factors exist here.  Plaintiff's separate actions, though concerning two contract provisions, stem from one transaction or series of transactions, resulting in "an identity of the causes of action," Moody v. Able Outdoor, Inc., 169 N.C. App. 80, 84, 609 S.E.2d 259, 261 (2005).  Given that there has been a final judgment on the merits in an earlier suit and the parties are identical, this court agrees with the Magistrate Judge that res judicata properly applies.

Defendant Bank of the Carolinas' Motions [sic] to Dismiss (Doc. 11) is **GRANTED IN PART** in that Plaintiff's claim for breach of contract is **DISMISSED,** any references in the Amended Complaint to "retaliation" and "harassment" are **STRICKEN,** and Plaintiff is allowed to pursue her "Title VII Claim for Sex Discrimination," as well as her claims for "Wrongful Discharge and Treatment in Violation of North Carolina Public Policy Against Discrimination" and "Violation of Equal Pay Act 29 USC 206(d)(1)." **IT IS FURTHER ORDERED** that Defendant Bank of the Carolinas' Motion to Dismiss Plaintiff's Title VII Claim (Doc. 15) and Motion to Dismiss Plaintiff's Wrongful Discharge Claim (Doc. 41) are **DENIED. IT IS FURTHER ORDERED** that Defendant Bank of the Carolinas' Motion for Judgment on the Pleadings (Doc. 28) is **DENIED** as **MOOT** and/or unripe.

    This the 17th day of May, 2013.

                                        */s/ William L. Osteen, Jr.*
                                    United States District Judge